UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Charlton Javier Dowling,  ) C/A No. 2:10-2607-RMG-BM
  )
           Plaintiff;  )
  )
vs.  )
  )
North Charleston Police Department;  ) **Report and Recommendation**
Det. C. Miller;  )
Judge Linda Lombard;  )
Charleston County Solicitors Office;  )
Scarlett A. Wilson;  )
Timmy Finch,  )
  )
           Defendants.  )

Plaintiff, Charlton Javier Dowling proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a detainee at the Charleston County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007). Even when considered under this less stringent standard, however, the



undersigned finds and concludes that the *pro se* complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

Background

Plaintiff alleges that his ex-girlfriend found out that [he] had "filed to have her commited [sic]. She made a false report to the N. Chas. Police Department." *See* Complaint, page 3. Plaintiff states that he was arrested at his ex-girlfriend's bond hearing for allegedly choking her on April 18, 2010. *Id.* Plaintiff indicates that his ex-girlfriend was incarcerated on April 18th, thus, Plaintiff claims that the "North Charleston Police Department did not do an investigation into the facts of the case." *Id.*

Plaintiff names Judge Linda Lombard for signing a warrant for Plaintiff's arrest "while [he] was waiting in her bond court to make a victim statement." *Id.* Plaintiff also complains that Defendant Lombard has refused to dismiss Plaintiff's charge, while the Charleston County Solicitor's Office also "refused to drop the charges." *Id.* Plaintiff states that his arrest has resulted in his loss of an apartment, loss of a job, and inability to pay for costly medication. *Id.* Plaintiff provides no factual information in the body of the complaint pertaining to Det. C. Miller, Scarlett A. Wilson, and Timmy Finch. Plaintiff seeks release and monetary damages.[1] *Id.* at 5.

---

[1] State prisoners challenging their confinement ordinarily proceed under 28 U.S.C. §§ 2241 or 2254. Therefore, to the extent Plaintiff has intended to also seek release from custody, he must file a Petition for a Writ of Habeas Corpus. *See Preiser v. Rodriguez,* 411 U.S. 475 (1973)(habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).



Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, the Court is constrained to note that Plaintiff has named several Defendants who are not amenable to suit under § 1983. First, the Honorable Linda Lombard, a Charleston County Magistrate Judge, is protected from Plaintiff's claim for damages by absolute judicial immunity from a claim arising out of her judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226, 231 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). Defendant Lombard is named as a Defendant because she issued Plaintiff's arrest warrant and for refusing to dismiss Plaintiff's pending criminal charges. As Defendant



Lombard is immune from any claim for damages associated with her judicial actions, this Defendant is entitled to summary dismissal from this case.

Second, Plaintiff alleges that the Charleston County Solicitor's Office has refused to drop Plaintiff's criminal charges. Although it is unclear from the complaint, it is also apparant that the Defendants Scarlett A. Wilson and Timmy Finch, are attorneys with the Charleston County Solicitor's Office. In South Carolina, regional prosecutors, called Solicitors and Assistant Solicitors, are elected by voters of a judicial circuit and have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings.[2] *See Van de Kamp v. Goldstein*, - - - U.S. - - - -, 129 S.Ct. 855, 861 ( 2009)("we have held that absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant" (citations omitted)). *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Imbler v. Pachtman,* 424 U.S. 409 (1976); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Plaintiff sues Defendants Wilson, Finch, and the Charleston County Solicitor's Office for actions associated with the prosecution of Plaintiff's criminal case. As these Defendants have absolute immunity insofar as their prosecutorial actions are concerned, Plaintiff's claims against them are barred from suit under § 1983.[3] Therefore, these three Defendants should be dismissed from the instant action.

Next, Plaintiff claims that the North Charleston Police Department did not properly

---

[2] *See* S.C. CONST. art. V, § 24; S.C. CODE ANN. § 1-7-310 (1976).

[3] The Charleston County Solicitor's Office, as a state office, also enjoys Eleventh Amendment immunity from suit in this Court.



investigate the facts of Plaintiff's case. However, to establish municipal liability, a plaintiff must identify a municipal "policy" or "custom" that caused the Plaintiff's injury. *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). *See also Board of County Commissioners v. Brown*, 520 U.S. 397 (1997); *Kirby v. City of Elizabeth City, North Carolina,* 388 F.3d 440, 451 (4th Cir. 2004). The instant complaint fails to identify any policy or custom of the North Charleston Police Department which caused Plaintiff's federal rights to allegedly be violated. Therefore, Plaintiff fails to state a claim against this Defendant, and the North Charleston Police Department is entitled to dismissal from this action.

Plaintiff also names a detective, C. Miller, as a Defendant in this action, but provides no facts regarding this individual in the body of the pleading. The complaint's general claims, absent any personal allegations against Defendant Miller, are insufficient to state a claim under § 1983, as a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Therefore, when a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002); *Whaley v. Hatcher*, No. 1:08CV125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr. 18, 2008).

Finally, liberally construed, it is possible that the complaint lists Defendant Miller for his involvement in Plaintiff's arrest and the allegedly improper police investigation that followed. However, to state a cognizable § 1983 claim for false arrest, a plaintiff must allege that an arrest was made without an arrest warrant. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998)("[A] claim for false arrest may be considered only when no arrest warrant has been obtained."). Plaintiff's



complaint clearly indicates that he was arrested pursuant to the issuance of an arrest warrant.  Thus, any false arrest claim he may be alleging against Defendant Miller must fail.  Further, to the extent Plaintiff is claiming negligence or improper investigation of his criminal charges, such claims are not actionable under 42 U.S.C. § 1983.  *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)(*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987).   Therefore,  Plaintiff also fails to state a cognizable § 1983 claim against Defendant Miller.

## Recommendation

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

November 8, 2010
Charleston, South Carolina



# Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

