IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC
2010 NOV 22 A 11: 57

| | |
|---|---|
| Charlton Javier Dowling, | Civil Action No. 2:10-cv-2607-RMG-BM |
| Plaintiff, | |
| vs. | **ORDER** |
| North Charleston Police Department, et. al., | |
| Defendants. | |

Plaintiff filed this *pro se* 1983 action alleging that Defendants violated his civil rights in connection with his arrest. Plaintiff is currently detained in the Charleston County Detention Center. Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Magistrate recommended dismissing Plaintiff's claims without prejudice and without service of process. (Dkt. No. 8). Plaintiff objected to the R&R. (Dkt. No. 10). As shown herein, this Court has reviewed the Record *de novo* and agrees with the Magistrate's report.

## Background

Plaintiff alleges that his ex-girlfriend made a false report to the North Charleston Police Department. (Dkt. No. 1). Plaintiff states that he was arrested at his ex-girlfriend's bond hearing for allegedly choking her on April 18, 2010. (*Id.*) Plaintiff indicates that his ex-girlfriend was incarcerated on April 18th, thus, Plaintiff claims that the "North Charleston Police Department did not do an investigation into the facts of the case." (*Id.*)

Plaintiff names Judge Linda Lombard for signing a warrant for Plaintiff's arrest "while [he] was waiting in her bond court to make a victim statement." (*Id.*) Plaintiff

1

also complains that Defendant Lombard has refused to dismiss Plaintiff's charge, while the Charleston County Solicitor's Office also "refused to drop the charges." (*Id.*) Plaintiff states that his arrest has resulted in his loss of an apartment, loss of a job, and inability to pay for costly medication. (Dkt. No. 1). Plaintiff has named other parties in his suit but Plaintiff provides no factual information in the body of the Complaint pertaining to Det. C. Miller, Scarlett A. Wilson, and Timmy Finch. Plaintiff seeks release and monetary damages.

### Law/Analysis

As addressed below, there are legal barriers to the claims Plaintiff makes with respect to each named Defendant. Dismissal is warranted. In an action where the Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, this Court has a duty to review allegations of the Complaint as early as practicable to determine if any clear legal bars exist on the face of the Complaint. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648 (4th Cir. 2006) (citing § 1915(e)(2)(B)(i)-(ii) and outlining the duties of a district court with respect to *in forma pauperis* cases).

First, the Honorable Linda Lombard, a Charleston County Magistrate Judge, is protected from Plaintiff's claim for damages by absolute judicial immunity from a claim arising out of her judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit against two Virginia magistrates); *see also Siegert v. Gilley*, 500 U.S. 226, 231 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed). Defendant Lombard was named for her actions in issuing Plaintiff's arrest warrant and for refusing to dismiss Plaintiff's pending criminal charges.

As a result of the claims arising out of her judicial capacities, Defendant Lombard is entitled to immunity.

Second, Plaintiff alleges that the Charleston County Solicitor's Office has refused to drop Plaintiff's criminal charges. In South Carolina, Solicitors and Assistant Solicitors are elected by voters of a judicial circuit and have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Van de Kamp v. Goldstein*, ___ U.S. ___, 129 S.Ct. 855, 861 (2009) (holding "that absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant") (internal citations omitted). Thus, Defendants Wilson, Finch, and the Charleston County Solicitor's Office have absolute immunity insofar as their prosecutorial actions are concerned. Plaintiff's claims against them are barred from suit under § 1983.

Third, Plaintiff alleges that the North Charleston Police Department did not properly investigate the facts of Plaintiff's case. To state a cause of action for municipal liability, a plaintiff must identify a municipal "policy" or "custom" that caused the Plaintiff's injury. *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). Plaintiff's Complaint fails to identify any such policy or custom of the North Charleston Police Department causing Plaintiff's federal rights to allegedly be violated. As a result, Plaintiff fails to state a claim against this Defendant, and the North Charleston Police Department is entitled to dismissal from this action.

Fourth, Plaintiff names a detective, C. Miller, as a Defendant in this action, but provides no facts regarding this individual in the body of the pleading. The Complaint's

3

general claims, absent any personal allegations against Defendant Miller, are insufficient to state a claim under § 1983, as a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Thus, dismissal as to this claim is warranted as well.

Finally, liberally construed in favor of this *pro se* plaintiff, it is possible that the Complaint lists Defendant Miller for his involvement in Plaintiff's arrest and the allegedly improper police investigation that followed. However, to state a cognizable § 1983 claim for false arrest, a plaintiff must allege that an arrest was made without an arrest warrant. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) (holding that "[a] claim for false arrest may be considered only when no arrest warrant has been obtained."). Plaintiff's Complaint clearly indicates that he was arrested pursuant to the issuance of an arrest warrant—the very ground upon which he named Judge Lombard. Thus, any false arrest claim he may be alleging against Defendant Miller fail.

### Conclusion

Accordingly, the Complaint is **dismissed** without prejudice and without issuance of service of process.[1]

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

---

[1] State prisoners challenging their confinement ordinarily proceed under 28 U.S.C. §§ 2241 or 2254. Therefore, to the extent Plaintiff has intended to also seek release from custody, he must file a Petition for a Writ of Habeas Corpus. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

4

November 22, 2010
Charleston, South Carolina